LAWRENCE E. COLLIER *vs.* THE TRAVELERS INSURANCE COMPANY.

APRIL 19, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Condon, C. J.   This action of trespass on the case for negligence is here on the defendant's bill of exceptions. It is presently before us on the plaintiff's motion to dismiss the bill and the defendant's motion to establish the truth of the exceptions and transcript. After the parties had orally argued and submitted briefs primarily on the motion to dismiss we reserved decision for further consideration.

The plaintiff contends that the bill of exceptions should be dismissed for any one of the following reasons:  1. Defendant prematurely filed its notice of intention to prosecute the bill.  2. It did not notify plaintiff of the filing of its notice of intention as required by rule 7 of the rules of practice of the superior court.  3. It did not seasonably file its bill of exceptions and transcript in the superior court.  The defendant argues that the first and third reasons are not borne out by the record and that the second reason is not a sufficient reason for dismissal.

The facts of record out of which the controversy between the parties arose are as follows.  After a verdict for plaintiff in the sum of $10,000 defendant filed a motion for a new trial.  The trial justice granted the motion unless plaintiff filed a remittitur of all of the verdict in excess of $6,000. The plaintiff duly filed such remittitur and thereupon on June 18, 1962 defendant filed its exception and notice of intention to prosecute a bill of exceptions.  After receiving several extensions of time within which to do so it finally filed such bill on November 30, 1962.  However, one of the extensions expired on September 10, 1962 without a request for a further extension until September 27, 1962.

It further appears from the record that after the remittitur had been filed defendant on June 14, 1962 moved "to reopen argument of motion for new trial." On November 2, 1962 after a hearing thereon the trial justice dismissed such motion for the reason that the decision on the motion for a new trial had finally terminated the superior court's jurisdiction. Neither party excepted to the ruling which thereby became the law of the case. Consequently the bill of exceptions which defendant prosecuted pursuant to its notice of intention of June 18, 1962 was certified to this court.

The plaintiff contends under his first reason that by filing the motion to reopen defendant vitiated its notice of intention to prosecute a bill of exceptions and that it should have refiled such a notice after the trial justice had dismissed its motion to reopen. In support of this view plaintiff relies principally upon *Sullivan* v. *John R. White, Inc.*, 34 R. I. 61, and also to some extent upon *Malafronte* v. *Milone*, 33 R. I. 460, and *Haynes* v. *Greene*, 45 R. I. 248.

The procedural situation in each of those cases at the time the notice of intention to prosecute a bill of exceptions was filed differed from that in the case at bar. In *Sullivan* the defendant gave notice of intention to prosecute a bill of exceptions and the plaintiff moved for a new trial. Thereafter the trial justice refused to decide the plaintiff's motion until the defendant had prosecuted its bill of exceptions to this court. We held this was error because it could result in the case coming here piecemeal contrary to the intent of the statute providing for appellate review by bill of exceptions. For this reason we held that "the defendant's notice of intention to prosecute became of no account and such notice must be refiled after the Court's decision upon the plaintiff's motion for new trial."

In *Malafronte* the notice of intention was filed before any decision on a motion for a new trial had been rendered. We

held that such notice was premature and ineffectual, and if a bill of exceptions had been prosecuted pursuant to it the bill should have been dismissed.

In *Haynes* the situation was similar to that in *Sullivan*. The defendant therein filed a motion for a new trial but the plaintiff without waiting for a decision thereon filed a notice of intention to prosecute and actually prosecuted a bill of exceptions to this court. Later the defendant's motion for a new trial was granted. We held that the defendant's motion superseded the plaintiff's notice and that her bill of exceptions prosecuted pursuant thereto was not properly before us.

In the case at bar only defendant filed a motion for a new trial. Within seven days after plaintiff filed the remittitur, defendant filed its notice of intention to prosecute a bill of exceptions. Unless there was some subsequent valid action by either of the parties which had the effect of continuing the jurisdiction of the superior court over the subject matter, the granting of defendant's motion for a new trial conditionally was a final decision which terminated such jurisdiction. *State* v. *Lubosky*, 59 R. I. 493. The plaintiff argues that defendant's motion to reopen was such subsequent valid action and therefore its notice of intention was premature. In our opinion this contention is without merit.

There is no authority for filing a motion to reopen the argument on a motion for a new trial after the trial justice has rendered a decision thereon. The situation created by defendant's filing of the motion to reopen is not unlike that in *Sormanti* v. *Deacutis*, 77 R. I. 507, where we held that the filing of unauthorized motions was a nullity. In our opinion the trial justice in the case at bar was correct in treating the motion to reopen as without force or effect and dismissing it. Since such motion had no validity, the decision on the motion for a new trial was the final valid action of the superior court and therefore defendant's notice of intention was not premature.

The next question is whether the notice was otherwise invalid because defendant did not notify plaintiff of such filing as required by rule 7 of the rules of the superior court. The portion of the rule which is relied upon reads: "When * * * Notice of Intention * * * is filed in any civil proceeding after the declaration, bill in equity or other original pleading, a copy thereof shall be furnished to the adversary not later than the day of filing in the manner provided for notices by Rule No. 29."

The defendant concedes that it did not comply with this portion of the rule but it points out that plaintiff does not claim that he had no knowledge of the filing of such notice or of the bill of exceptions, a copy of which was duly sent to him. Furthermore, defendant contends that plaintiff may not claim the benefit of the rule for the first time in this court because he failed to avail himself in the superior court of the remedy provided by the rule for noncompliance therewith. In this connection it calls attention to the second paragraph of rule 7 which provides: "In case of failure to comply with this rule, the court may entertain a motion to strike such paper from the files and may allow such motion to strike or deny it upon terms against the party at fault."

The defendant argues that this provision makes it incumbent upon plaintiff to pursue his remedy only in the superior court and that upon failure to do so he waives the benefit thereof. In other words its position is that the rule is applicable solely to the internal administration of the superior court. If such construction of the rule is not correct and it is intended to regulate appellate procedure within the supreme court defendant contends the rule is invalid because such action by the superior court is beyond the scope of the rule-making power conferred upon it by G. L. 1956, §8-6-2, to "promulgate rules for regulating practice and conducting business therein."

In the view that we take of defendant's first contention it will not be necessary to pass upon the validity of the rule in so far as it relates to appellate practice. We are of the opinion that there is merit in the contention that plaintiff waived compliance with the rule by not availing himself of the remedy provided thereunder in the superior court. It is clear from the language of the rule itself that enforcement of compliance therewith is in a substantial measure discretionary. Where relief of such nature is available in the trial court and a party elects not to seek it there, it is too late to obtain relief in this court.

We now come to plaintiff's contention that defendant did not seasonably file its bill of exceptions and transcript in the superior court because it failed to file them on or before September 10, 1962 as required by the last duly-granted extension of time within which to do so. It appears from the record that subsequently defendant obtained a further extension signed by Presiding Justice Cappelli of the superior court on September 27. The plaintiff argues that since defendant was in default of the prior order of the superior court there was nothing to be extended on September 27, 1962 and therefore in accordance with the strict construction which this court has given of the statute, §9-24-17, prescribing the requisite steps to be taken to prosecute a bill of exceptions such extension was without legal force or effect.

It is true that we long ago adopted the view generally prevailing that statutes relating to bills of exceptions should be strictly construed. *Hartley* v. *Rhode Island Co.*, 28 R. I. 157. In that case we expressly stated that a party desiring appellate review by such method "must apply for it in the time and manner prescribed by the statutes." But we are of the opinion that the circumstances under consideration in the case at bar do not require the application of that rule. Here, since a justice of the superior court had the

authority not only to grant an extension of time for filing but under the existing statute, §9-24-17, could order a new fixing of such time, we perceive no serious objection to considering the supposed extension of time on September 27 as a new fixing.

Whether the justice so intended it at the time he granted the request is, in our opinion, of no consequence unless it appears that he was misled by misrepresentations on the part of defendant. We perceive no evidence of such facts in the record nor does plaintiff make any claim of that nature. As we understand him, he simply contends that since defendant asked for an extension rather than a new fixing its request cannot be deemed anything but an extension. This seems to us to be too technical a view in the circumstances here and not justified even under the language in *Sormanti* v. *Deacutis*, 77 R. I. 507, 509, upon which plaintiff relies.

The case at bar, although not identical, is more nearly akin to *Flora* v. *Flora*, 64 R. I. 109. Where, as here, the record shows an extension but in reality there was a reasonable ground for a new fixing, we do not think that adherence to the prescriptions of the statute and our prior cases construing it calls for the extreme action of dismissing an otherwise legitimately prosecuted bill of exceptions.

The defendant's motion to establish the truth of the bill of exceptions and transcript is granted, and the plaintiff's motion to dismiss is denied.

FROST, J., did not participate in the decision.

*Gunning & LaFazia, Edward L. Gnys, Jr., Bruce M. Selya,* for plaintiff.

*Boss, Conlan, Keenan, Bulman & Rice, John T. Keenan,* for defendant.